IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| I.A.E.,<br><br>      Petitioner,<br>  v.<br><br>CAMMILLA WAMSLEY, Seattle Field Office Director, Immigration and Customs Enforcement and Removal Operations ("ICE/ERO"), TODD LYONS, Acting Director of Immigration Customs Enforcement ("ICE"), U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, KRISTI NOEM, Secretary of the Department of Homeland Security ("DHS"), and U.S. DEPARTMENT OF HOMELAND SECURITY,<br><br>      Respondents. | Case No.: 3:25-cv-01975-AN<br><br>Agency Case No. A205 975 939<br><br>ORDER |

      Petitioner I.A.E., an indigenous Purépecha citizen of Mexico who was detained by Respondents on October 24, 2025, in Portland, Oregon has filed a petition for habeas corpus. Petition for Writ of Habeas Corpus under 28 U.S.C § 2241, ECF [1]. He has also filed a motion for a temporary restraining order ("TRO"). Petitioner's Motion for And Memorandum in Support of TRO, ECF [2].

      In his Petition, he seeks that this Court: (1) assume jurisdiction of this matter; (2) order Respondents to appear before this Court and show cause why his petition should not be granted; (3) enjoin Respondents from depriving him of his liberty by detaining him during the pendency of this litigation; (4) issue a Writ

1 – ORDER

of Habeas Corpus ordering his release from custody; and (5) grant any other relief that is just and proper. ECF [1]. It does not appear that Petitioner has yet served a copy of his Petition on Respondents.

Petitioner's TRO asks that the Court order Respondents to release him from detention, block his transfer outside the District of Oregon, and maintain the status quo pending the resolution of these proceedings. ECF [2].

It is ordered that:

1. The Clerk of the Court must serve a copy of this Petition upon Respondents and the Acting United States Attorney for the District of Oregon, Scott E. Bradford (Scott.Bradford@usdoj.gov).

2. Respondents shall, no later than October 28, 2025, at noon Pacific Daylight Time, answer or respond to the petition and the TRO motion.

3. Although a United States District Court generally lacks subject-matter jurisdiction to review orders of removal, *see* 8 U.S.C § 1252(a)(1), (g), it does generally have jurisdiction over habeas petitions. *See* 28 U.S.C § 2241(a); *see also Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2 and stating that "absent suspension, the writ of habeas corpus remains available to every individual detained within the United States"). Moreover, "'a federal court always has jurisdiction to determine its own jurisdiction,'" including its own subject-matter jurisdiction. *Brownback v. King*, 592 U.S. 209, 218–19 (2021) (quoting *United States v. Ruiz*, 536 U.S. 622, 628 (2002)). To give this Court the opportunity to determine whether it has subject-matter jurisdiction, and if so to consider the validity of the habeas petition, a court may order the respondent to preserve the status quo. *See United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) ("[T]he District Court ha[s] the power to preserve existing conditions while it . . . determine[s] its own authority to grant injunctive relief," unless the assertion of jurisdiction is frivolous.). Such an order remains valid unless and until it is overturned, even when the issuing court lacks subject-matter jurisdiction to determine the underlying action's merits. *See id.* at 294–95. This principle applies with even greater force where the action the court enjoins would otherwise destroy its jurisdiction or moot the case. *United States v. Shipp*, 203 U.S. 563, 573 (1906).

2 – ORDER

4. Unless otherwise ordered by this Court, Petitioner shall not be moved outside of the District of Oregon without first providing advance notice of the intended move. Such notice must be filed in writing and on the docket in this proceeding and must state the reason that the Respondent believes that such a move is necessary and should not be stayed pending further court proceedings. Once that notice has been filed on the docket, the Petitioner shall not be moved out of the District for a period of at least 48 hours from the time of the docketing. If the 48-hour period would end on a weekend or legal holiday, the period continues to run until the same time on the next day that is not a weekend or legal holiday. Fed. R. Civ. P. 6(a)(2)(C). This period may be shortened or extended as appropriate by further Court order.

5. If the Respondent has already moved Petitioner outside of this District, Respondent is ordered to notify the Court **within two hours of being served with this Order.** Respondent is further ordered to **state the exact date and time** that Petitioner left the District of Oregon and the reason why Respondent believed that such a move was immediately necessary.

6. Respondents must immediately ensure petitioner's counsel has reasonable access to their client.

7. Petitioner's motion for a TRO, ECF [2], is GRANTED IN PART. As stated above, Respondent is not to move Petitioner out of this District without first providing the above-described notice to the Court.

**IT IS SO ORDERED.**

DATED this 24th day of October, 2025.

_____
Adrienne Nelson
United States District Judge

3 – ORDER